

# NUMBER 13-06-550-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ROGER SEFZIK,                                                    Appellant,

v.

TEXAS DEPARTMENT OF
TRANSPORTATION,                                              Appellee.

**On appeal from the 53rd District Court
of Travis County, Texas.**

# DISSENTING OPINION

**Before Chief Justice Valdez and Justices Benavides and Vela
Dissenting Opinion by Justice Vela**

I agree with the majority's opinion with respect to its holding that the trial court did

not err in sustaining TxDOT's plea to the jurisdiction as to Sefzik's due process and due

course of law claims.  I, too, would hold that the trial court did not err in sustaining TxDOT's

plea to the jurisdiction as to these claims. I would also hold that the trial court did not err in granting TxDOT's plea to the jurisdiction with respect to Sefzik's claims under the UJDA and the APA.

I. The Texas Administrative Procedure Act

First, Sefzik urges that the trial court has jurisdiction pursuant to the Texas Administrative Procedure Act. TEX. GOV'T CODE ANN. § 2001.038 (Vernon 2000). The statute provides that the validity or applicability of a rule . . . may be determined in an action for declaratory judgment if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff. *Id.* While Sefzik urges that he is seeking to determine the "applicability" of a rule, in fact, the entire APA is the "rule" he seeks to be "applied" to TxDOT's permit-application process.

By its plain language, section 2001.038 allows a plaintiff to challenge either the validity or applicability of agency rules. *Star Houston, Inc. v. Tex. Dep't of Transp.,* 957 S.W.2d 102, 111 (Tex. App.–Austin 1997, writ denied). To qualify for a declaratory judgment, one must seek validation or application of a rule. That same rule must interfere with or impair a legal right or privilege before it can be applied. Sefzik's claim is that it is the permit application process, as addressed in the administrative code, that interferes with or impairs his legal right or privilege. The APA does not. Rather, the APA, if applied, would expand rather than interfere or impair Sefzik's right to judicial review. Because Sefzik seeks to apply the APA to his claim even though he claims that it is the administrative code that impairs his purported legal right or privilege, he misapplies the explicit language of section 2001.038. I would hold that Sefzik is not entitled to relief under

2

section 2001.038.

II. Uniform Declaratory Judgments Act (UDJA)

The UDJA enables a person whose "rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (Vernon 1997) (UDJA). At the very least, it is Sefzik's burden to establish his right to declaratory relief in order to establish jurisdiction. In other words, Sefzik must show that his rights, status or legal relations have been affected.

Section 21.159 of the Texas Administrative Code (TAC) explicitly denies a permit or license holder contractual or property rights from the issuance of a permit or license. It states, "Issuance of a permit or license shall not be deemed to create a contract or property right in the permit holder or license holder." 43 TEX. ADMIN. CODE § 21.159 (2008) (Tex. Dep't of Transp., Property Right Not Created). Thus, to conclude that Sefzik, as an applicant for a permit, has a property or contractual right when the statute denies those rights to an actual permit holder is not logical. Because section 21.159 of the administrative code precludes Sefzik from claiming any contractual right, he has no right, status or "legal relation" as defined by case law. *See* 43 TEX. ADMIN. CODE § 21.159. Thus, Sefzik does not have a status or legal relation as required by section 37.004 of the UDJA sufficient to bring his complaint within the court's power to declare rights, status, and other legal relations. TEX. CIV. PRAC. & REM. CODE ANN. § 37.003(a) (Vernon 1999).

3

If the UDJA were construed as Sefzik insists it should be, any suit brought affecting a governmental entity would require its participation as a party and would effectively waive the State's immunity. This would defeat the legislative intent that statutes be construed as written and would destroy "the legislature's interest in managing state fiscal matters through the appropriations process." TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp. 2007).

For the reasons set forth above, I would hold that the trial court is without subject matter jurisdiction.

ROSE VELA
Justice

Dissenting Opinion delivered and
filed this 19th day of June, 2008.

4